UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE APPLICATION OF HRC-HAINAN
HOLDING COMPANY, LLC, ET AL.

Case No. 19-mc-80277-TSH

**ORDER GRANTING STAY PENDING APPEAL**

Re: Dkt. No. 21

Respondents Yihan Hu, et al., move for a stay pending their appeal of the Court's January 16, 2020 order. Applicants HRC-Hainan Holding Company, LLC, et al., oppose the motion. The Court considers "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (citations and internal quotation marks omitted).

As to the first factor, the standard does not require that the moving party is more likely than not to win on appeal. *See id.* at 1204. It's enough for the appeal to present a serious legal question. *See id.* Here, one of the issues on appeal is whether a private arbitration tribunal is a "foreign . . . tribunal" within the meaning of 28 U.S.C. § 1782(a). There is a Circuit split on this point, *compare In re Application to Obtain Discovery for Use in Foreign Proceedings*, 939 F.3d 710, 717-31 (6th Cir. 2019), *with Republic of Kazakhstan v. Biedermann Int'l*, 168 F.3d 880, 883 (5th Cir. 1999), and *National Broadcasting Co., Inc., v. Bear Stearns & Co., Inc.*, 165 F.3d 184, 191 (2d Cir. 1999), and the Ninth Circuit has not yet decided that issue. Thus, Respondents' appeal raises a serious legal question.

As to the second factor, the absence of a stay would moot Respondents' appeal. If discovery proceeded, it would likely be completed before the Court of Appeals would be able to rule on the merits of the appeal. This qualifies as irreparable harm.

On the third factor, Applicants argue, with some force, that the stay could run out the clock on their ability to use the discovery for the CIETAC proceeding. They don't argue that delay would harm their ability to use the discovery before the Hainan Court, however, and they do contend that their discovery requests seek information that is relevant to the Hainan Court proceeding. Since the ability to use section 1782 to obtain discovery for use before CIETAC is itself the serious legal issue presented for appeal, the Court discounts that as irreparable harm. After all, maybe the Ninth Circuit will say that isn't permitted at all.

As to the fourth factor, it's hard to see how the public interest is affected by this discovery dispute between private parties.

Accordingly, after balancing the relevant factors, the Court orders that its January 16 order is stayed pending appeal.

Finally, the Court observes that Northern District of California General Order No. 44 states in paragraph E.3:

> Upon filing, unless exempted by Local Rule, order of a judge of this court, or other provision of this general order, all civil miscellaneous matters will be randomly assigned in the first instance to a magistrate judge who will either resolve the matter or, if necessary, prepare a report and recommendation and request assignment of the matter to the district judge who was the general duty judge on the date the miscellaneous matter was filed. Any objections to the magistrate judge's order or report and recommendation will be resolved by that district judge. See Fed. R. Civ. P. 72.

This civil miscellaneous matter was assigned to the undersigned magistrate judge, who issued an order on January 16, 2020. Respondents then filed a notice of appeal directly with the Ninth Circuit without seeking review by a district judge.

Dated: January 23, 2020

THOMAS S. HIXSON
United States Magistrate Judge