UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HRC-HAINAN HOLDING COMPANY, LLC,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>YIHAN HU, et al.,<br><br>　　　　Defendants. | Case No. 19-mc-80277-TSH<br><br>**ORDER DENYING RENEWED MOTION FOR STAY PENDING APPEAL**<br><br>Re: Dkt. No. 53 |

## I. INTRODUCTION

Applicants sought leave to serve subpoenas on Respondents under 28 U.S.C. § 1782 to obtain discovery for use in two proceedings, one arbitral and one before a court, in the People's Republic of China. ECF No. 1. The Court granted Applicants' ex parte application. ECF No. 5. Respondents then moved to quash the subpoenas, ECF No. 15, and Applicants moved to compel discovery, ECF No. 14. The Court granted in part and denied in part the motion to quash and the motion to compel discovery. ECF No. 47. Respondents appealed the Court's Order to the Ninth Circuit. They now move for a stay of the Order pending appeal. ECF No. 53. Applicants filed an Opposition, ECF No. 55, and Respondents filed a Reply, ECF No. 56. The Court finds the matter suitable for disposition on the papers and **VACATES** the March 19, 2020 telephonic hearing. For the reasons set forth below, the Court **DENIES** the Renewed Motion to Stay Pending Appeal.

## II. BACKGROUND

The Court discussed at length the background of this case in its Order granting in part and denying in part the parties' respective motions (the "Order"). *See HRC-Hainan Holding Co., LLC v. Yihan Hu*, 2020 WL 906719, at *1-3 (Feb. 25, 2020). It incorporates that discussion by reference. The procedural posture requires some additional explanation.

1  The Court granted Applicants' Ex Parte Application for Order Authorizing Discovery for Use in Foreign Proceedings (ECF No. 1) on November 18, 2019. ECF No. 5. On January 6, 2020 Respondents filed a Motion to Quash the authorized subpoenas, ECF No. 15, and Applicants filed a Motion to Compel, ECF No. 14. On January 16, the Court denied the Motion to Quash and granted the Motion to Compel. ECF No. 19. Respondents filed a Notice of Appeal with the Ninth Circuit Court of Appeals on January 20, ECF No. 20, and a Motion to Stay Pending Appeal with this Court the same day, ECF No. 21. The Court granted the stay on January 23, 2020. ECF No. 29. On January 29, 2020, after a teleconference with the Court, the parties filed a Notice and Stipulation notifying the Court that they had jointly moved the Ninth Circuit to vacate Respondents' appeal in order for this Court to vacate its earlier orders and issue an opinion after considering additional briefings and submissions by the parties. ECF No. 33. On February 4, the Ninth Circuit granted the parties' stipulated motion for remand, ECF No. 37, and on February 5 this Court vacated its order granting the motion to compel and denying the motion to quash, ECF No. 35. On February 25, after supplemental briefing, the Court issued its Order. ECF No. 46. In the Order, the Court directed Respondents to produce discovery by March 6, 2020. Respondents appealed the Order to the Ninth Circuit on February 28. ECF No. 49. On March 3, the parties filed a Stipulated Protected Order, and the Court granted the order the same day. ECF Nos. 50, 51. On March 5, Respondents filed their Renewed Motion to Stay Pending Appeal that is the subject of this order. ECF No. 53.

### III. LEGAL STANDARD

A stay is "an exercise of judicial discretion and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (citations and internal quotation marks omitted). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433-34 (citations omitted). The factors a court should consider in determining whether a moving party has met that burden are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the

public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (citations omitted).

## IV. DISCUSSION

Before getting to the *Hilton* factors, the Court first addresses Respondents' argument that because the Court previously granted their motion to stay during the first appeal, it should be bound by the law of the case to reach the same conclusion now. Under the doctrine of the law of the case, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993) (citation omitted). "For the doctrine to apply, the issue in question must have been decided either expressly or by necessary implication in the previous disposition." *Id.* (citation and internal quotations omitted). "A court may have discretion to depart from the law of the case where: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997).

Respondents' argument that the Court is bound by its previous stay order fails for a couple of reasons. First and foremost, the previous stay order lost legal effect by reason of the dismissal of the earlier appeal, the parties' stipulation that the undersigned conduct further proceedings and reconsider their motions, remand to this Court, and this Court's vacatur of its earlier order on the parties' motions. The first stay order is thus void by operation of law. *See* Black's Law Dictionary (11th ed. 2019) (defining "void" as "of no legal effect; to null"). The parties understood this would be the effect when they stipulated for the undersigned to reconsider their motions:

> The Parties understand that the Court will vacate the January 16 Order, which means that *there will be no need for a stay* since there will be no order compelling Respondents to provide discovery and denying the motion to quash, and which *will also moot the Court's January 23, 2020 Order granting a stay pending appeal*.

Notice and Stip. Re. Vacating Appeal ¶ 4, ECF No. 33 (emphasis added). The parties also acknowledged that the Court would consider anew the stay issue: "If the Court intends to reaffirm its prior order compelling Respondents to provide discovery and denying the motion to quash,

3

*Applicants request an opportunity to make supplemental submissions*, on an expedited basis, *on whether a stay pending appeal should be granted before that issue is decided.*" ¶ 5 (emphasis added).

And even if the first stay order were not void, the Ninth Circuit has emphasized that "[t]he law of the case doctrine is not an inexorable command, nor is it a limit to a court's power." *United States v. Smith*, 389 F.3d 944, 949 (2004) (quoting *Hanna Boys Center v. Miller*, 853 F.2d 682, 686 (9th Cir. 1988) (internal quotation marks omitted). "The doctrine merely expresses the practice of courts *generally* to refuse to reopen what has been decided, not a limit to their power." *United States v. Houser*, 804 F.2d 565, 567-68 (9th Cir. 2004)) (citation and internal quotation marks omitted) (emphasis added); *see also Pickett v. Prince*, 207 F.3d 402, 407 (7th Cir. 2000) (the "doctrine is highly flexible") (citation omitted). If an appellate court has not considered and decided an issue, a trial court remains free to depart from its prior decision. *See Smith*, 389 F.3d at 949 ("The law of the case doctrine is wholly inapposite to circumstances where a district court seeks to reconsider an order over which it has not been divested of jurisdiction.") (citation and internal quotation marks omitted); *Houser*, 804 F.2d at 567 ("The legal effect of the doctrine . . . depends upon whether the earlier ruling was made by a trial court or an appellate court. . . . A trial court may not [] reconsider a question decided by an appellate court."); *Avitia v. Metropolitan Club of Chicago, Inc.*, 49 F.3d 1219, 1227 (7th Cir. 1995) ("A judge may reexamine his earlier ruling . . . if he has a conviction at once strong and reasonable that the earlier ruling was wrong, and if rescinding it would not cause undue harm to the party that had benefitted from it.") (citation omitted); Moore's Federal Practice § 134.21[1] (3d ed. 2003) ("When a court applies the law of the case doctrine to its own prior decisions . . . the traditional formulations of the doctrine must be conceived as rules of thumb and not as straightjackets on the informed discretion and sound practical judgment of the judge"). The Court has examined with greater attention the issues raised in the Motion to Quash and Motion to Compel and reached a different decision on some of those issues. And now, unlike earlier, the parties have between them a protective order covering the material sought in the subpoenas. It is therefore reasonable for the Court to reexamine the stay issue as well. *See Alexander,* 106 F.3d at 876 ("A court may . . . depart from the law of the case

4

where . . . changed circumstances exist . . . .").

The Court declines to apply the law of the case, and proceeds to weigh the *Hilton* factors.

**A.      Whether Respondents have made a strong showing of success on the merits**

To make a strong showing of success on the merits, "'at a minimum,' a petitioner must show that there is a 'substantial case for relief on the merits.'" *Lair v. Bullock*, 697 F.3d 1200, 1204 (9th Cir. 2012) (quoting *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011)). The Ninth Circuit has held that several "formulations, including 'reasonable probability,' 'fair prospect,' 'substantial case on the merits,' and 'serious legal questions . . . raised,' are largely interchangeable.'" *Lair*, 697 F.3d at 1204.

Respondents assert that their appeal raises two legal questions concerning which they have a strong showing of success: (1) whether a private arbitral tribunal is included within the scope of "foreign or international tribunal" for purposes of 28 U.S.C. § 1782; and (2) whether the proceeding before the No. 1 Intermediate People's Court of Hainan Province is included within the same.

The Court has no difficulty concluding that Respondents have a substantial case for relief on the merits of the first question. As discussed at length in the Court's Order, there is a Circuit split over the issue, with the Second and Fifth Circuits holding that a private arbitration is excluded from the scope of § 1782, and the Sixth holding the contrary. Additionally, countless district courts have written at length on the issue. *See* 2020 WL 906719, at *4-7.

Regarding the second question, Respondents' argument was that the Hainan court proceeding did not satisfy the threshold requirements of § 1782 because it was non-adjudicatory in nature and § 1782 only applies to tribunals that adjudicate disputes and issue dispositive rulings. At the outset, the Court questioned whether *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), can be read to support that proposition. And even if it can, the Court found there was no doubt that the Hainan court is one that adjudicates disputes and issues dispositive rulings, and no question the types of rulings it made in the underlying dispute were part and parcel of the functions of a conventional court. 2020 WL 906719, at *8. Respondents do not raise a serious question as to whether the Hainan court proceeding is one that falls within the scope of § 1782.

5

This distinction matters because many of the document requests the Court authorized in the subpoenas seek documents or information that are relevant to the Hainan court proceeding as well as the CIETAC arbitration. Specifically, the document requests that are relevant to the Hainan court proceeding, if not both proceedings, are (as they've been limited by the Court's Order): requests 1-3, 12-17 and 23-25 of the Hu Yihan subpoena; requests 2, and 4-6 of the HuHanOne subpoena; requests 2-3 and 5-7 of the HuHanTwo subpoena; requests 2 and 4-6 of the HuHanThree subpoena; and records specified in the Wells Fargo subpoenas. For these requests, Respondents' appeal does not raise any substantial questions of law; as to them, the appeal is simply meritless.

**B.     Whether Respondents will be irreparably injured absent a stay**

Respondents point out that in its earlier order granting a stay, the Court wrote that "the absence of a stay would moot Respondents' appeal. . . . This qualifies as irreparable harm." Order at 2, ECF No. 29. After giving the issue a second look, and with the weight of additional caselaw presented by Applicants, the Court concludes it prematurely arrived at such a categorical rule.

In *In re Procter & Gamble Co.*, 334 F. Supp. 2d 1112 (E.D. Wis. 2004), for example, the district court was confronted with a nearly identical request. The petitioner there had sought discovery pursuant to § 1782 for use in patent infringement suits commenced against it the United Kingdom, France, the Netherlands, Germany and Japan. *Id.* at 1113. One of the respondents had asked the court to stay its order pending appeal. The court declined to grant a stay, explaining, "although [respondent]'s appeal may become moot if the § 1782(a) discovery is completed prior to the appeal's resolution, it is also likely that [petitioner] will be unable to use the discovery effectively if it is not obtained prior to fast approaching deadlines in the foreign actions." *Id.* at 1117 (citing *McKevitt v. Pallasch*, 339 F.3d 530, 531 (7th Cir. 2003)). It also found that "the public interest favors allowing the discovery because doing so furthers the search for the truth in the foreign actions and, as noted, allowing such discovery does not circumvent the policies of any foreign country or the United States." *Id.* at 1118.

Similarly, in *McKevitt v. Pallasch*, a case before the Seventh Circuit, the district court had granted discovery pursuant to § 1782 for use in a criminal prosecution in Ireland. 339 F.3d at 531.

The respondents appealed the district court's order to the Court of Appeals and asked it to stay the order. *Id.* The Court of Appeals refused to grant to the stay, and the recordings were turned over to the applicant. *Id.* The court noted that the "the denial of the stay, and the resulting disclosure of the recordings, mooted the appeal." *Id. See also JSC MCC EuroChem v. Chauhan*, 2018 WL 9650037, at *2 (6th Cir. 2018) (denying motion to stay magistrate judge's § 1782 order where respondent argued that, "if the district court's order is not stayed, he will suffer irreparable harm because he will be denied any meaningful appellate review, he will expend substantial time and money in fulfilling the discovery order, and [petitioner] intends to use the evidence in future actions").

And in *Nikon Corp v. GlobalFoundries U.S. Inc.*, 2017 WL 4865549 (N.D. Cal. Oct. 26, 2017), a case before District Judge Beth Labson Freeman, Magistrate Judge Susan van Keulen had granted a § 1782 application and the respondent had moved for a stay of discovery pending appeal. The court denied the motion to stay. It found that a stay "would substantially injure Nikon's interests, because Nikon would not receive the discovery to which it is entitled under Judge van Keulen's order until after expiration of [] deadlines in the foreign proceedings." *Id.* at *3. The court found unpersuasive respondent's argument that those deadlines were "'self-inflicted,' that is, imposed as a result of Nikon's voluntary use of procedures involving an expedited schedule." *Id.* "The fact remains," the court wrote, "that the deadlines exist, and other courts have refused to grant a stay of discovery pending appeal under such circumstances." *Id.* (citing *In re ROZ Trading*, 2007 WL 120844, at *3 (N.D. Ga. Jan. 11, 2007)).

Those cases persuade the Court that it erred when it concluded that Respondents would necessarily be irreparably harmed if their appeal were mooted.[1] Further, it is not persuaded by Respondents' additional argument that they would be irreparably harmed because they would be unable to "claw back" information sought in the subpoenas once it's been produced. For one thing, Respondents go into their appeal armed with a weak chance of success on their argument

---

[1] Respondents did not cite—in either their first motion to stay or the instant one—any case law which stands for the proposition that a party is irreparably harmed by a mooted appeal; in the latter they cite only the Court's own, earlier finding on the issue.

7

that the Hainan court proceeding is not encompassed within the scope of § 1782 (the Court found it clearly is). Thus, there would be only a remote chance of the Ninth Circuit overturning this Court's order as it relates to the Hainan court proceeding, and thus a low chance Respondents would even need to claw back most of the information they produce. For another, the parties have now entered into a Stipulated Protective Order, ECF No. 51, which addresses Respondents' concerns about the risks to their financial and proprietary information. Other courts have denied stays of § 1782 discovery in the face of similar arguments of how discovery would cause irreparable harm. For example, in *In re Nogeur*, 2019 WL 1034190 (S.D.N.Y. Mar. 5, 2019), petitioners sought discovery from respondent JCF for use in proceedings in Andorra. "The Court granted Petitioners' application from the bench, but limited the scope of their request and directed the parties to negotiate a protective order . . . curtailing Petitioners' use of any materials they receive from JCF." *Id.* at * 1. The court denied JCF's request for a stay pending appeal. *Id.* It explained, in a passage that's particularly relevant here:

> JCF fails to establish that it will be irreparably injured if it is forced to disclose the requested material before it has a chance to appeal the Court's decision. It is true, as the Court has previously observed, that, in many respects, "the proverbial bell cannot be unrung" once information has been disclosed. *In re Accent Delight Int'l Ltd.*, Nos. 16-MC-125, 16-MC-50 (JMF), 2018 WL 7473109, at *1 (S.D.N.Y. June 27, 2018). But that is true in most, if not all, Section 1782 cases (not to mention ordinary discovery orders). The mere fact that information, once disclosed, cannot be "undisclosed" is therefore not enough by itself to warrant a finding of irreparable harm. . . . *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (holding that, even where the disclosure of trade secrets is at issue, irreparable harm is not to be presumed absent a showing that "a misappropriator of trade secrets will disseminate those secrets to a wider audience or otherwise irreparably impair the value of those secrets"). And, in light of the Protective Order — which severely curtails what Petitioners may do with any materials they obtain — JCF fails to establish the likelihood of harms, let alone irreparable harms, other than mere disclosure.

*Id.* at 4 (other citations omitted); *see also Chauhan*, 2018 WL 9650037, at *2 ("Should we ultimately reverse the district court, we may ameliorate any harm by imposing protective conditions on the use of the evidence and testimony or requiring the destruction and/or return of the documents"); *Hawai'i Disability Rights v. Cheung*, 2007 WL 9711102, at *2 (D. Haw. Aug. 16, 2007) (denying a motion to stay magistrate judge's order compelling discovery and finding

that "the Protective Order essentially negated the sole issue here, that is, that Defendants should not have to reveal the information requested for confidentiality purposes.").

Finally, the costs imposed on Respondents in having to comply with this limited discovery—particularly considering their low chances of success on the question of the Hainan court proceeding—do not by themselves constitute irreparable harm. *See Bradberry v. T-Mobile USA, Inc.*, 2007 WL 2221076, at *4 (N.D. Cal. Aug. 2, 2007) ("The cost of some pretrial litigation" while an appeal is pending "does not constitute an irreparable harm to Defendant."); *In re Platinum Partners Value Arbitrage Fund LP*, 2018 WL 3207119, at *6 (S.D.N.Y. June 29, 2018) ("[A] requirement to produce documents, at least absent a claim of privilege or sensitivity, is not generally the type of injury that is irreparable."); *In re Gushlak*, 2012 WL 2564466, at *7 (E.D.N.Y. Jan. 30, 2012) (collecting cases and finding "the compelled production of non-privileged discovery material, standing alone, does not constitute irreparable injury warranting a stay pending appeal").[2]

The Court finds that Respondents will not be irreparably harmed if it denies a stay.

**C.      Whether issuance of the stay will substantially injure Applicants**

At the same time, Applicants *will* be substantially injured by a stay, as they would almost surely not be able to benefit from the documents or information they have obtained, discovery which the Court has determined is relevant to the two foreign proceedings. *See Nikon*, 2017 WL 4865549, at *3 ("A stay would substantially injure Nikon's interests, because Nikon would not receive the discovery to which it is entitled under [the] order until after expiration of January 2018 deadlines in the foreign proceedings."); *Nogeur*, 2019 WL 1034190, at *15 ("If anything, it is Petitioners who may suffer irreparable harm — and thus be substantially injured — if a stay *is* granted. . . . [They] may lose altogether any chance to use the materials they seek in the Andorran appellate proceedings."); *ROZ Trading*, 2007 WL 120844, at *3 ("If this Court grants the requested stay, Petitioner runs the significant risk that the arbitration will proceed regardless of the

---

[2] Also, Applicants indicated at the hearing on the Motion to Quash and Motion to Compel that Wells Fargo had already produced to them records responsive to the subpoenas served on it. So, no production cost at all would be imposed on the bank if the Court denied the motion to stay.

9

stay, and that Petitioner will be unable to obtain relevant documents before the arbitral panel reaches a decision."). Indeed, if a stay is granted and the Applicants are unable to use whatever materials they obtain, then their application was really all for nothing.

**D.     Where the public interest lies**

Regarding the last factor, other courts have found that the public interest does not favor a stay in these types of cases. The *Nikon* court was one. It noted the "dual purposes of § 1782 are 'to provide efficient assistance to participants in international litigation and to encourage foreign countries by example to provide similar assistance to our courts.'" 2017 WL 4865549, at *3 (quoting *Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1110 (9th Cir. 2015) (quoting *Intel*, 542 U.S. at 252)). It found that "[t]hose purposes would be frustrated by a stay order which effectively would strip Nikon of the assistance to which it is entitled under [discovery] order." The court rejected the respondent's argument that "the public interest favors a stay to ensure that the Ninth Circuit has an opportunity to review the grant of Nikon's § 1782 application on the merits." 2017 WL 4865549, at *3. It explained, "[respondent] has not identified any irreparable harm which would result from compliance with [the discovery] order. While [it] clearly would prefer that the Ninth Circuit have an opportunity to review its challenges to [the] order before producing the discovery in question, that preference does not implicate the public interest." *Id.* See also *Chauhan*, 2018 WL 9650037, at *2 (also noting the dual aims of § 1782 and finding "[t]hese aims would be defeated by granting a stay when neither of the most critical factors is met"); *In re Application of Hornbeam Corp.*, 2017 WL 2241522, at *2 (S.D.N.Y. May 22, 2017) (denying stay pending appeal on use or dissemination of records produced in § 1782 discovery and writing, "the public interest weighs in favor of denying the stay, as the discovery granted . . . as well as the anticipated use of the materials gathered . . . serve the public interests in justice, fair play, and full disclosure, as well as the truth in foreign actions") (quoting *In re Application of Chevron Corp.*, 709 F. Supp. 2d 283, 310 (S.D.N.Y. 2010); *In re Bracha Found.*, 2015 WL 6828677, at *4 (N.D. Ala. Nov. 6, 2015) ("the court finds that the public interest favors allowing the discovery, as it supports the truth in foreign actions")) (internal quotation marks omitted). The Court agrees that the public interest is served by allowing

discovery to proceed here. Doing so might aid the CIETAC tribunal in better understanding the truth of the matter and thus better enable it to render an informed and fair decision.

Also, the timing of Respondents' motion to stay is worth noting. The Court issued its order granting Applicants' Motion to Compel on February 25, 2020 and directed Respondents to produce documents by March 6. ECF No. 47. Respondents filed their Notice of Appeal with the Ninth Circuit on February 28. ECF No. 49. They filed their Renewed Motion to Stay Pending Appeal a week later, on March 5, 2020 at 7:28 p.m. ECF No. 53. Most of the substantive argument of Respondents' eight-page Renewed Motion replicates the same argument they made in their first Motion to Stay Pending Appeal (in fact, approximately only one page propounds new legal argument). *Compare* Mot. to Stay 2-6, ECF No. 21, *with* Renewed Mot. to Stay 3-8, ECF No. 53. The Renewed Motion required no substantial expenditure of time. Yet Respondents filed it the evening before their production due date. If they were concerned about the harm that would result from having to comply with this Court's order, they could have filed their Motion to Stay with this Court earlier, leaving them time to request a stay from the Ninth Circuit in case this Court denied the Motion. *See* Reply in Further Supp. of Renewed Mot. 2, ECF No. 56 ("Respondents anticipate that the Court will rule quickly on this motion to stay, as the Court has responded promptly to all other issues presented in this matter."). The fact that they did not, and instead filed their motion on the eve of the date they were legally compelled to produce documents, tends to "vitiate[] the force of allegations of irreparable harm." *Facebook, Inc. v. ConnectU, Inc.*, 2008 WL 11357786, at *4 (N.D. Cal. Aug. 8, 2008). And the public interest is not served by the Court countenancing ostensibly strategic delays that allow parties to avoid compliance with lawful court orders. *See United States v. Mednansky*, 2011 WL 1750209, at *3 (S.D. Cal. May 6, 2011) (denying a stay and writing, "[Defendant] was prepared on April 5 to file a motion seeking a stay pending appeal, but never did so until now, well after Defendants were in violation of the injunction and on the eve of their removal from the property by the United States[.] This apparently strategic delay bespeaks an intention to buy time and interfere with the removal, without regard for the merits of the action or the appeal.").

In sum, a weighing of the four *Hilton* factors draws the conclusion that a stay is not

appropriate here.[3]

## V. CONCLUSION

For the reasons stated above, the Court **DENIES** Respondents' Renewed Motion to Stay.

**IT IS SO ORDERED.**

Dated: March 17, 2020

THOMAS S. HIXSON
United States Magistrate Judge

---

[3] Because Respondents waited until the day before production was due to file their Motion to Stay with this Court, the Court does not find appropriate "a brief and temporary stay . . . to provide an opportunity to request a longer-term stay from the Court of Appeals." Renewed Mot. at 8.

12