UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HRC-HAINAN HOLDING COMPANY, LLC,<br><br>    Applicants,<br><br>    v.<br><br>YIHAN HU, et al.,<br><br>    Respondents. | Case No. 19-mc-80277-TSH<br><br>**ORDER DENYING EMERGENCY MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 63 |

On February 25, 2020, the Court granted in part and denied in part Applicants' motion to compel and Respondents' motion to quash. ECF No. 47. The Court's order set a March 6, 2020 production deadline for documents. *Id*. at 27. Late in the day on March 5, Respondents filed a motion for stay pending appeal. ECF No. 53. The motion was largely recycled from a prior motion to stay in a previous appeal, *see* ECF No. 21, with a new page of argument about law of the case. It probably didn't take nine days to write that one page of new argument.

So, let's think about this. By waiting until the evening of March 5 to move for a stay, Respondents all but ensured the Court would not be able to issue a reasoned decision on the motion by the time of the production deadline the following day. Indeed, the March 5 motion seemed to contemplate that. In the conclusion, Respondents stated that if the Court were inclined to deny a stay pending appeal, "Respondents request the opportunity for oral argument on this motion, and Respondents request that the Court provide a briefing schedule that permits adequate time for them to submit a reply to any response from Applicants." ECF No. 53 at 8. Obviously, none of that could have happened by March 6.

By waiting until the night of March 5 to move for a stay, Respondents essentially guaranteed they would be in violation of the Court's February 25 order, no matter which way the

Court ruled on the stay motion because a ruling wouldn't come fast enough. True, Applicants moved at the speed of light and filed their opposition on March 6. ECF No. 55. But the Court has to read papers and consider them, review case law, and write an order. The nearly inevitable result of waiting until the evening of March 5 to move for a stay of an order requiring documents to be produced by March 6 was to place Respondents in violation of the Court's order. And indeed, they have been in violation of it for the past 12 days.

So, now that the Court has denied the stay pending appeal, *see* ECF No. 61, in less than 24 hours Respondents managed to draft and file an emergency motion for a temporary stay – it turns out that they can file things quickly when they want to. They request a stay until March 20 (two days from now) so they can file a motion for a stay pending appeal with the Ninth Circuit.

The Court is confused by the motion. An emergency motion usually identifies a bad thing that will happen unless the motion is granted and asks the Court to stop the bad thing. This motion doesn't say what the bad thing is. Is the idea that being in violation of a Court order for 12 days is okay, but 14 days is too long? Or maybe the idea is that it's okay to be in violation of a Court order as long as you have a motion to stay on file, and we're not supposed to notice when you filed the stay motion? Applicants have noticed; they have a pending motion for sanctions about this. *See* ECF No. 59.

If the emergency is that Respondents are in violation of the Court's order, that emergency began 12 days ago, and Respondents caused it by waiting until the night of March 5 to move for a stay. And if the emergency is something else, Respondents don't say what it is. Their emergency motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: March 18, 2020

THOMAS S. HIXSON
United States Magistrate Judge